IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Clifford Claude Campbell, | ) | Case No. 8:15-cv-01106-DCN-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden Richard Cothran, | ) | |
| | ) | |
| Respondent. | ) | |

        This matter is before the Court on Respondent's motion for summary judgment.
[Doc. 24.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28
U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule
73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for
relief and submit findings and recommendations to the District Court.

        Petitioner filed this Petition for writ of habeas corpus on March 3, 2015.[1]  [Doc. 1.]
On June 29, 2015, Respondent filed a motion for summary judgment and a return and
memorandum.  [Docs. 24, 25.]  On June 30, 2015, the Court filed an Order pursuant to
*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary
judgment procedure and of the possible consequences if he failed to adequately respond
to the motion.  [Doc. 26.]  Petitioner filed a response in opposition on December 18, 2015.
[Doc. 41.]

_____

        [1]A prisoner's pleading is considered filed at the moment it is delivered to prison
authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).
Accordingly, this action was filed on March 3, 2015.  [Doc. 1-1 at 1 (envelope marked as
received by prison mailroom on March 3, 2015).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted.

## BACKGROUND

At the time he filed this action, Petitioner was incarcerated in the Turbeville Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Florence County.[2]  [Doc. 1 at 1.]  Petitioner was indicted in July 2012 for trafficking in marijuana.  [App. 432–33.[3]]  On June 17–18, 2013, represented by William Kirk Truslow, Petitioner proceeded to trial.  [App. 1–417.]  At the conclusion of the trial, the jury returned a verdict of guilty.  [App. 408.]  Petitioner was sentenced to six years imprisonment.  [App. 416; Doc. 1 at 1.]

**Direct Appeal**

Petitioner appealed his conviction. Lara M. Claudy ("Claudy") of the South Carolina Commission on Indigent Defense filed an *Anders*[4] brief on Petitioner's behalf, dated March 24, 2014, in the South Carolina Court of Appeals, raising the following issue:

> Did the court err in denying Appellant's motion to suppress evidence contained in a cell phone that was seized from Appellant's person incident to his arrest where Appellant

---

[2]It appears Petitioner has been released from prison.  [*See* Doc. 21 (notice of change of address to a residence in Florida).]  A habeas corpus action is not automatically moot because a petitioner is unconditionally released from custody.  *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968).  Moreover, at the time he filed the Petition, Petitioner was confined at Turbeville Correctional Institution.  [Doc. 1 at 1.]  Thus, because neither party has raised mootness, the Court will address the Petition.

[3]The Appendix can be found at Docket Entry Numbers 25-1 through 25-2.

[4]A brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

2

was unlawfully arrested without an arrest warrant and without probable cause in violation of the Fourth Amendment?

[Doc. 25-3 at 4.] At the same time, Claudy filed a petition to be relieved as counsel. [*Id.* at 18.] Petitioner filed a pro se brief, dated June 9, 2014, raising the following issues, quoted substantially verbatim:

1.    Did the trial court err in denying Appellant's motion to suppress evidence contained in a cell phone that was supposedly seized from Appellant's person "allegedly" incident to is arrest, where Appellant was unlawfully arrested without arrest warrant or probable cause in violation of the Fourth Amendment, where search was, inn actuality, precedent to his unlawful arrest?

2.    Did the trial court err in allowing the state's witness, Shawn Luron Davis, to testify under SCRE, Rule 404(b) after the trial court misconstrues his evidentiary hearing testimony about length of the time dealing with appellant, that was part the trial court's stated grounds for allowing him to testify, when the trial court, on it's own initiative, later pointed out that his testimony was "contrary" to his U.S. government debriefing and state failed to support entire testimony with any credible or substantiated at all, when if testimony had been truthful, it could have?

3.    Did the trial court err in denying Appellant Campbell's motion for directed verdict when the state did not prove beyond a reasonable doubt through the testimony of Mr. Shawn Luron Davis, that Appellant Campbell had any knowledge of what was in the package that was delivered by S.L.E.D. agents on February 28, 2012?

4.    Did the trial court err in allowing national origin based (race) discriminatory testimony by agent Denis Tracy that was not an issue before the court violated SCACR, Rule 501, Judicial Conduct; Canon 3B(6), that had nothing but a prejudicial effect against Appellant Campbell?

3

[Doc. 25-4 at 7.] The South Carolina Court of Appeals dismissed Petitioner's appeal and granted Claudy's motion to be relieved on January 28, 2015. [Doc. 25-5.] Remittitur was issued on February 18, 2015. [Doc. 25-6.] Petitioner did not pursue post-conviction relief in state court.

**Petition for Writ of Habeas Corpus**

As previously stated, Petitioner filed the Petition on March 3, 2015. [Doc. 1.] In his Petition, Petitioner raises the following grounds for relief, quoted substantially verbatim:

> **Ground One**:   Suppression of evidence due to an unlawful search and seizure
>
> *Supporting Facts*:   Petitioner was seized and searched, after a controlled package delivery by law enforcement, when alleged codefenant, accepted an signed for, then placed the "still unopened" package inside residence, thus, officers served an "anticipatory" search warrant which, specifically stated the persons to be searched were, all persons "IN" the residence, of which, Petitioner was not found to be in the residence, but found either on the, back porch or, not enclosed back yard, disqualifying curtilage.  Property sought (phones) that, were on Petitioner's person, were beyond scope of any search warrant, when Petitioner was not found to be "IN" the residence, as the search warrant specifically stated.
>
> **Ground Two**:   Suppression of prior bad act testimony under SCRE 404(b) of alleged codefendant that, was not subject of conviction , and, if true, could have been proven
>
> *Supporting Facts*:   The trial court allowed the state's witness, Shawn Luron Davis, to testify, under SCRE Rule 404(b) after the trial court misconstrued his evidentiary hearing testimony about length of time dealing with Petitioner, that was part of the trial court's stated grounds for allowing him to testify, when the trial court, on it's own initiative,

later pointed out that his testimony was "contrary" to his U.S. government debriefing and the state failed to support entire testimony with an credible or substantiated evidence at all, when if testimony had been truthful, it could have.

**Ground Three**:    Denial of Petitioner's directed verdict motion

*Supporting Facts*:    The trial court denied Petitioner's motion for directed verdict, after the state did not prove beyond a reasonable doubt, through testimony of Mr. Shawn Luron Davis, (only evidence) that Petitioner had any knowledge of what was in the package, that was delivered by S.L.E.D. agents on February 28, 2012.

**Ground Four**:    National origin (race) based testimony (plain error) prejudicial to Appellant

*Supporting Facts*:    The trial court allowed national origin (race) based discriminatory testimony by agent Dennis Tracy, that was not an issue before the court and violated SCECP, Rule 501, Judicial Conduct; Canon 3B(6), that had nothing but a prejudicial effect against Petitioner.

[Doc. 1.]

As stated, on June 29, 2015, Respondent filed a motion for summary judgment.

[Doc. 24.]  On December 18, 2015, Petitioner filed a response in opposition.  [Doc. 41.]

Accordingly, Respondent's motion is ripe for review.

## <u>APPLICABLE LAW</u>

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe

his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519,

520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon*

*v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   Pro se pleadings are held to a less

stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition still may be subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the

6

non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.   Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.   Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56© has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

8

***Procedural Bar***

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)   (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (I) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

9

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the Supreme Court of South Carolina. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[5] Further, strict time deadlines govern direct appeal and the filing

---

[5]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.  *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating that discretionary review by the Supreme Court of South Carolina is not required to exhaust available state court remedies: "[South Carolina] has identified the petition for discretionary review to [the Supreme Court of South Carolina] in criminal and post-conviction cases as *outside* South Carolina's standard review process. In [the Supreme Court of South Carolina's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing *In re*

---

to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

11

*Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

### *Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts.  *See id.*  Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.  *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time.  *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991).  Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court.  S.C. App. Ct. R. 203(d)(3), 243.  If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme Court explained:

12

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96.   A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel.   *Id.* at 487–89; *Reed*, 468 U.S. at 16.   Absent a showing of "cause," the court is not required to consider "actual prejudice."   *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995).   However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default.   *Carrier*, 477 U.S. at 492.   To show actual prejudice, the petitioner must demonstrate more than plain error.   *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice.   To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent.   *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent").   Actual innocence is defined as factual innocence, not legal innocence.   *Bousley v. United States*, 523 U.S. 614, 623 (1998).   To meet this actual innocence standard, the petitioner's case must be truly extraordinary.   *Carrier*, 477 U.S. at 496.

14

## DISCUSSION

### Non-Cognizable Claims

#### *Ground One*

Petitioner's collateral challenge to his allegedly unconstitutionally search and seizure and to the admission of a evidence obtained from a phone is not cognizable. Where a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Stone v. Powell*, 428 U.S. 465, 494 (1976). In further defining this rule, the Fourth Circuit Court of Appeals held in *Doleman v. Muncy*, 579 F.2d 1258 (4th Cir. 1978), that the *Stone* requirement of an opportunity for full and fair litigation of a Fourth Amendment claim is met when state procedures provide a meaningful vehicle for a prisoner to raise a Fourth Amendment claim. In *Doleman,* the requirement was met because the prisoner had an opportunity to present his Fourth Amendment claim through a motion to suppress at his state criminal trial, and through an assignment of error on appeal once the motion was denied. *Id.* at 1265.

Here, at trial, Petitioner moved to suppress evidence based upon an illegal warrantless search of Petitioner and to suppress evidence regarding the search of two cellular phones, and the trial court heard arguments and testimony regarding these motions. [App. 35–75.] The trial court denied Petitioner's motions. [App. 75.] Petitioner renewed his motions before the jury returned its verdict. [App. 407.] These issues were also raised in Petitioner's pro se petition and, in part, in Petitioner's *Anders* brief on direct appeal. [Docs. 25-3, 25-4.] Thus, Petitioner was afforded the same state procedural

15

protections that constituted a full and fair opportunity to litigate a Fourth Amendment claim as the prisoner in *Doleman*.   Accordingly, federal habeas review is unavailable on this ground.

### Ground Two

In Ground Two, Petitioner argues that the trial court erred in allowing a witness to testify to prior bad acts because there were discrepancies between the witness's testimony at trial and previously made statements.  [Doc. 1 at 7.]  This is an issue of state law, and "[i]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."  *Estelle*, 502 U.S. at 67-68 ("federal habeas corpus relief does not lie for errors of state law").  Moreover, federal courts must afford deference to a state court determination regarding evidence and procedure.  *Cf. Crane v. Ky.*, 476 U.S. 683, 690 (1986) ("[W]e have never questioned the power of the States to exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability, even if the defendant would prefer to see that evidence admitted").  Even if the state court's admission of evidence was error under state law, it is well-established that "a state court's misapplication of its own law does not generally raise a constitutional claim. The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."[6]  *Smith v. Horn*, 120 F.3d 400,

---

[6]Admissibility rulings will implicate federal habeas review only when the alleged error infringes upon a specific constitutional right or is so prejudicial that it amounts to the denial of due process.  *See Turner v. Armontrout*, 845 F.2d 165, 169 (8th Cir. 1988), cert. denied, 488 U.S. 928 (1988).  Accordingly, the present issue is not whether the trial court erred in admitting the evidence, but whether the admission resulted in a trial so fundamentally unfair as to deny the Petitioner due process of law.  *Rainer v. Dep't of Corr.*, 914 F.2d 1067, 1072 (8th Cir. 1990).  The undersigned can find no such violation in the record of this case.

The testimony at issue is that of Shawn Luron Davis ("Davis").  At trial, Petitioner

414 (3d Cir. 1997) (citations omitted).  Accordingly, federal habeas review of unavailable on this ground.

**Procedurally Barred Claim**

Procedural default is an affirmative defense that is waived if not raised by respondents.  *Gray v. Netherland*, 518 U.S. 152,165–66 (1996).  If the defense is raised, it is the petitioner's burden to raise cause and prejudice or actual innocence; if not raised by the petitioner, the court need not consider the defaulted claim.  *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).  Here, Respondent contends Ground Four is procedurally barred.  [Doc. 25 at 21.]  The Court agrees Ground Four is procedurally barred.

In Ground Four, Petitioner argues that the trial court allowed testimony that was racially prejudicial to Petitioner in violation of the South Carolina Appellate Court Rules and a Judicial Canon.  [Doc. 1 at 10.]  There was no relevant objection made during the challenged testimony.[7]  [*See* App. 67–74, 146–81.]  Accordingly, Ground Four is procedurally barred because it was not raised at trial, and therefore, not preserved when raised in Petitioner's pro se brief to the South Carolina Court of Appeals.  "[A]n issue may not be raised for the first time on appeal; to preserve an issue for appeal, it must be raised

─────────────────────

moved to limit his testimony to exclude statements of past wrongs or bad acts of which Davis had any knowledge.  The trial court summarized the applicable precedent on this issue and listened to Davis's proffered testimony prior to opening statements, and the trial court determined that the testimony was more probative than prejudicial and allowed it to be presented to the jury.  [App. 86–106.]  The issue was raised in Petitioner's pro se brief on direct appeal and was affirmed by the South Carolina Court of Appeals.  [Docs. 25-4, 25-5.]  Further, at trial Petitioner was given a full opportunity to cross-examine Davis.  [App. 296–337.]

[7]The Court notes that during the challenged testimony, Petitioner objected to the admission of an exhibit but not to the testimony itself.  [App. 151.]

17

to and ruled upon by the trial court, that is, the trial court must be given an opportunity to resolve the issue before it is presented to the appellate court." *Jenkins v. Bodison*, No. 4:09-cv-0267-GRA, 2010 WL 1073983 (D.S.C. Mar. 18, 2010) (citations omitted). Because the issue was not preserved for appeal, it cannot be brought forward now; thus, this claim is procedurally barred from federal habeas review unless Petitioner has demonstrated (1) cause for the procedural default and actual prejudice resulting from the alleged constitutional violation or (2) that a fundamental miscarriage of justice has occurred. *See Coleman*, 501 U.S. at 750 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise not, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

### *Cause and Prejudice*

Petitioner does not allege that he can establish cause and prejudice with respect to Ground Four or that he is actually innocent. *See Kornahrens*, 66 F.3d at 1363 (holding that when a petitioner does not raise cause and prejudice, the court need not consider the defaulted claim). Accordingly, Respondent's motion for summary judgment should be granted as to Ground Four.

**Merits of Remaining Claim**

In Ground Three, Petitioner argues the trial court erred in denying Petitioner's motion for directed verdict. [Doc. 1 at 8.] The Court concludes Petitioner is not entitled to federal habeas corpus relief based upon this allegation.

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as

determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06. On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see also Richter*, 131 S.Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas

relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

Petitioner's claim goes to the sufficiency of the evidence. Such a claim is cognizable on collateral review; however, a federal court's review of such claims is "sharply limited." *Wilson v. Greene*, 155 F.3d 396, 405 (4th Cir. 1998) (quoting *Wright v. West*, 505 U.S. 277, 296 (1992); *see also Evans-Smith v. Taylor*, 19 F.3d 899, 905 (4th Cir. 1994) ("The standard is obviously rigorous."). "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." *Wilson*, 155 F.3d at 405–06 (citing *Wright*, 505 U.S. at 292). When reviewing such a claim, a federal court must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from the facts proven to the facts sought to be established, *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982), and when faced with all the evidence that allows conflicting inferences, this Court must presume that the jury resolved such conflicts in the State's favor, *Jackson v. Virginia*, 443 U.S. 307, 326 (1979). Therefore, Petitioner is entitled to relief only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Wilson*, 155 F.3d at 406 (quoting *Jackson*, 443 U.S. at 324)); *see also George v. Angelone*, 100 F.3d 353, 357 (4th Cir. 1996); *Bradley v. State*, No. 04-1278, 2005 WL 3475770 at *6 (D.S.C. Apr. 5, 2005). In *Coleman v. Johnson*, ---U.S. ---, ---, 132 S.Ct. 2060, 2062 (2012) (per curiam), the Supreme Court explained,

> We have made clear that *Jackson* claims face a high bar in
> federal habeas proceedings because they are subject to two
> layers of judicial deference. First, on direct appeal, "it is the

> responsibility of the jury—not the court—to decide what
> conclusions should be drawn from evidence admitted at trial.
> A reviewing court may set aside the jury's verdict on the ground
> of insufficient evidence only if no rational trier of fact could
> have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, ——,
> 132 S.Ct. 2, 4, 181 L.Ed.2d 311 (2011) (per curiam). And
> second, on habeas review, "a federal court may not overturn a
> state court decision rejecting a sufficiency of the evidence
> challenge simply because the federal court disagrees with the
> state court. The federal court instead may do so only if the
> state court decision was 'objectively unreasonable.'"  *Ibid.*
> (quoting *Renico v. Lett*, 559 U.S. 766, ——, 130 S.Ct. 1855,
> 1862, 176 L.Ed.2d 678 (2010)).

A directed verdict is appropriate only when the prosecution presents no evidence whatsoever of one or more elements of the charged offense.  *State v. McCluney*, 606 S.E.2d 485, 486 (S.C. 2004); *State v. McLauren*, 563 S.E.2d 346, 351 (S.C. 2002).  The trial court may not weigh the sufficiency of the evidence.  *McLauren*, 563 S.E.2d at 351. In other words, if the prosecution has presented any evidence of the elements of the charged offense, the case will survive a motion for directed verdict.  The *Jackson* standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law."  *Jackson*, 443 U.S. at 324 n. 16.

Here, the trial court defined trafficking in marijuana as follows:

> Under Section 44-53-370 (e) (1) of the South Carolina Code of
> Laws, the State must prove beyond a reasonable doubt that
> the defendant knowingly sold, manufactured, cultivated,
> delivered, purchased, brought into this state, provided financial
> assistance, or otherwise aided, abetted, attempted, or
> conspired to sell, manufacture, cultivate, deliver, purchase, or
> bring into this state or was knowingly in actual or constructive
> possession, knowingly attempted to become in actual or
> constructive possession of ten pounds or more of marijuana.

[App. 392.]  In its opinion dismissing Petitioner's appeal, the South Carolina Court of Appeals stated it the action was "[d]ismissed after consideration of Appellant's pro se brief and review pursuant to *Anders v. California*, 386 U.S. 738 (1967)."  [Doc. 25-5.]

Based upon a review of the evidence submitted at trial, the Court cannot find that Petitioner has shown that no rational trier of fact could have found him guilty of the charge. The Court can also find no reversible error in the trial court's refusal to grant a directed verdict based on this testimony and evidence, or in the state court's dismissing the appeal. There was evidence presented at trial that Petitioner was guilty of trafficking in marijuana. Dennis Tracy testified that agents intercepted a FedEx package, originating in Phoenix, Arizona, on February 28, 2012, in Florence, South Carolina.  [App. 152.]  Agents opened the package, resealed it with the narcotics inside, and delivered the package.  [App. 153.] Robert Downey ("Downey") stated that once the package was delivered, "within a matter of minutes" agents secured the residence and executed the anticipatory search warrant. [App. 134.]  Downey testified that he observed Petitioner and Davis on the back porch of the residence.  [App. 135.]  Agents found a digital scale, a vacuum sealer, and a small bag of marijuana in the kitchen.  [App. 138.]  The package the agents had intercepted contained 23.08 pounds of marijuana.  [App. 189.]  Petitioner's cell phones, seized at the scene, showed a call with a Phoenix, Arizona phone.  [App. 56–57.]

Based on a review of the evidence presented at trial, sufficient evidence was presented from which the jury could have found Petitioner guilty of trafficking in marijuana. Thus, the state court's decision was not contrary to, nor an unreasonable application of, clearly established federal law.  Further, it was not based upon an unreasonable

determination of facts in light of the state court record.  Accordingly, this ground is without merit and summary judgment should be granted with respect to this issue.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

S/Jacquelyn D. Austin
United States Magistrate Judge

January 20, 2016
Greenville, South Carolina